**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RAFAEL WILKINSON SMALLS | : | |
| Appellant | : | No. 3075 EDA 2017 |

Appeal from the Judgment of Sentence December 4, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004820-2014

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.: **FILED MAY 20, 2020**

Rafael Smalls appeals *nunc pro tunc* from the judgment of sentence entered in the Montgomery County Court of Common Pleas. On appeal, he contends: (1) his classification as a sexually violent predator ("SVP") is invalid following the decisions **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017) ("**Butler I**"); (2) insufficient evidence supported his designation as an SVP; (3) the SVP finding was against the weight of the evidence; and (4) trial counsel rendered ineffective assistance. After careful review, we affirm.

Smalls was arrested after his stepdaughter, E.M., revealed to school officials that Smalls had sexually abused her a few years earlier. E.M. was eleven years old at the time of the abuse, which she alleged occurred during times she visited her mother and Smalls at their residence in Montgomery County. For a period of time, the abuse stopped due to a protection from abuse ("PFA") order, but resumed soon after the order expired.

Following a jury trial, Smalls was convicted of indecent assault of a person less than 13 years of age, corruption of minors, and endangering the welfare of children.[1] The trial court sentenced Smalls to 1½ to 3 years' incarceration, followed by 3 years' probation. Smalls was also found to be an SVP and was subject to a period of lifetime registration and reporting pursuant to then-effective Megan's Law III.[2] He did not file a post-sentence motion; instead, he filed a timely notice of appeal challenging his classification as an SVP.

This Court issued an order vacating Smalls's SVP designation and remanded the case for him to file post-sentence motions *nunc pro tunc*. The

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 6301(a)(1), and 4304(a)(1), respectively.

[2] Megan's Law III was a predecessor statute to the Sexual Offenders Registration and Notification Act ("SORNA I"), 42 Pa.C.S. §9799.10-9799.41 et seq.

trial court held an evidentiary hearing. The court then denied Smalls's post-sentence motions and reimposed his classification as an SVP. This timely appeal followed.

Smalls presents five questions for our review:

1. [Whether] the trial court's determination that [Smalls] is [an SVP] and also subject to reporting as a tier III offender under [SORNA] must be set aside, pursuant to [] **Muniz** []?

2. [Whether] that portion of [Small's] sentence subjecting him to SORNA's sexually violent predator provisions [must] also be vacated pursuant to [] **Butler I** []?

3. [Whether] [] the evidence [was] insufficient to meet the clear and convincing evidence standard required to designate [Smalls] as a[n] [SVP]?

4. [Whether] [] the finding that [Smalls] is a[n] [SVP] [was] against the weight of the evidence [] and did the trial court abuse its discretion in failing to so hold?

5. [Whether] counsel [was] ineffective for failing to effectively cross examine the Commonwealth's expert and for failing to warn his own expert concerning a serious factual error in his report?

Appellant's Brief, at 4 (internal alterations and unnecessary capitalization omitted).

The Commonwealth argues Smalls waived his *ex post facto* claim because he failed to raise the issue in the trial court. **See** Appellee's Brief, at 15. Smalls did not raise his legality of sentence issue either in the trial court or in his Rule 1925(b) concise statement. We agree with the Commonwealth that Smalls has waived the issue. **See Commonwealth v. Lawrence**, 99 A.3d 116, 124 (Pa. Super. 2014); **see also Commonwealth v. Miller**, 80

- 3 -

A.3d 806, 811 (Pa. Super. 2013). However, to the extent Smalls's argument relies upon the requirements imposed by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct 2348 and *Alleyne v. United States*, 133 S.Ct. 2151 (2013), it is an unwaivable challenge to the legality of his sentence. *See Lawrence*, 99 A.3d at 122. In any event, we conclude that none of Smalls's arguments on appeal merit relief.

In his first two issues, Smalls argues his registration requirements under SORNA, as well as those imposed on him as an SVP, are unconstitutional following our Supreme Court's decision in *Muniz*, and this Court's subsequent holding in *Butler I*. As such, he concludes his SVP designation constitutes an illegal sentence, and he should not be subject to any registration requirements. We disagree.

A claim that a sentence constitutes a violation of the *ex post facto* clause of either the federal or Pennsylvania constitution is a question of law. Therefore, our standard of review is *de novo*, and our scope of review is plenary. *See Muniz*, 164 A.3d at 1195.

In *Muniz*, the Pennsylvania Supreme Court determined the retroactively amplified reporting requirements of SORNA I, when applied to offenders who committed crimes prior to SORNA's effectiveness date, constituted increased punishment in violation of the *ex post facto* prohibitions in the United States and Pennsylvania Constitutions. *See Muniz*, 164 A.3d at 1223. Shortly

thereafter, a panel of this Court in **Butler I** deemed SORNA's SVP determination procedure unconstitutional. **See Butler I**, 173 A.3d at 1217.

SORNA's SVP procedure dictated that the trial court find the relevant facts by clear and convincing evidence before concluding whether a defendant is required to register as an SVP, rather than submitting those facts to the fact-finder to determine beyond a reasonable doubt. **See id**. **Butler I** found the procedure "violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt," in violation of **Alleyne**. **Id**., at 1218 (footnote and citation omitted). The **Butler I** Court held that a trial court could no longer designate defendants as SVPs or hold SVP hearings until the legislature enacted a constitutional procedure for SVP designation. **See id**.

In response to the Supreme Court's decision in **Muniz** and our subsequent decision in **Butler I**, the Pennsylvania General Assembly passed amending Acts 10 and 29 of 2018 ("SORNA II").[3] The legislation divided sex offender registrants into two distinct subchapters. Subchapter H applies to "individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted." 42 Pa.C.S. §9799.11(c).

---

[3] **See** Act of Feb. 21, 2018, P.L. 27, No. 10, §§1-20, effective Feb. 21, 2018 (Act 10 of 2018), and lastly, reenacted and amended June 12, 2018, effective immediately, known as Act 29 of 2018, **see** Act of June 12, 2018, P.L. __, No. 29, §§1-23, effective June 12, 2018 (Act 29 of 2018).

Subchapter I applies to individuals, like Smalls, who committed a sexually violent offense "on or after April 22, 1996, but before December 20, 2012," and whose period of registration has not yet expired or whose registration requirements under a former sexual offender registration law have not expired. 42 Pa.C.S. §9799.52.

In the new legislation, the General Assembly directly addressed several problems identified by *Muniz*. Specifically, the legislature highlighted the non-punitive intent of the registration system under SORNA II. *See* 42 Pa.C.S.A. § 9799.51(b)(2), (4).

The changes made to the registration requirements under SORNA II include eliminating the tiered offense system and reducing the in-person reporting requirements for all offenders. *See* 42 Pa.C.S.A. §§ 9799.54-9799.56. The legislation also divides offenders between lifetime and ten-year registration terms similar to prior versions of Megan's Law. *See* 42 Pa.C.S.A. § 9799.55. Further, it permits all offenders, including SVPs, to petition for removal from the registry after successfully completing twenty-five years of registration. *See* 42 Pa.C.S.A. § 9799.59.

Our Supreme Court recently determined that reporting requirements for SVPs under SORNA II are non-punitive and do not violate *ex post facto* prohibitions in the United States and Pennsylvania Constitutions. *See*

*Commonwealth v. Butler*, 25 WAP 2018 ___ A.3d ___, 2020 WL 1466299 (Pa., filed March 26, 2020) (*Butler II*) (focusing on the differences between SVP and non-SVP appellants under both SORNAs and previous Megan's Laws). Therefore, the reporting requirements imposed upon Smalls, who was found to be an SVP, are non-punitive.

Next, Smalls challenges the sufficiency of the evidence supporting his SVP designation. He argues that the Commonwealth's expert, Jennifer Hahn, Ph.D., based her SVP finding on erroneous facts. In particular, Smalls asserts there is no support in the record for Dr. Hahn to conclude he engaged in pedophilic behavior over a six-month period. He contends the abuse was isolated to a six-week period in June and July of 2009. Further, Smalls maintains the record does not support Dr. Hahn's opinion that he promoted and maintained a relationship with E.M. in order to victimize her. As such, Smalls believes his SVP classification should be reversed. We disagree.

As an initial matter, we conclude Smalls's argument goes to the weight of the expert's opinion, not to the sufficiency of the evidence adduced at the SVP hearing. Because an expert's opinion is itself evidence, we do not weigh this evidence and make a credibility determination. *See Commonwealth v. Feucht*, 955 A.2d 377, 382-83 (Pa. Super. 2008); *see also Commonwealth*

*v. Meals*, 912 A.2d 213, 223 (Pa. 2006). While a defendant is entitled to challenge the expert's opinion by contesting his or her credibility or reliability, such efforts affect the weight, not the sufficiency of the Commonwealth's case. *See Feucht*, 955 A.2d at 382. However, in any event, we will address Smalls's sufficiency claim.

In reviewing an SVP designation, we must determine whether the evidence of record was sufficient to allow a fact-finder to find, by clear and convincing evidence, that the individual is a sexually violent predator. *See Commonwealth v. Morgan*, 16 A.3d 1165, 1168 (Pa. Super. 2011) (citation omitted). As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the verdict winner. *See id*. Therefore, as a reviewing court, we will reverse the trial court's SVP determination only if the Commonwealth failed to present clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied. *See Commonwealth v. Haughwout*, 837 A.2d 480, 484 (Pa. Super. 2003) (citation omitted).

The "clear and convincing evidence" standard of proof has been described as an intermediate test, which is more exacting than a

preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt. *See Commonwealth v. Fuentes*, 991 A.2d 935, 942 (Pa. Super. 2010) (citation omitted). Therefore, the evidence introduced in support of an SVP designation must be "so clear, direct, weighty, and convincing as to enable the [the trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue." *Meals*, 912 A.2d at 219 (citation omitted).

After a person has been convicted of an offense listed in 42 Pa.C.S.A. § 9799.55, the trial court must order an assessment conducted by the Sex Offenders Assessment Board ("SOAB") to determine whether the individual should be classified as an SVP. *See* 42 Pa.C.S.A. § 9799.58(a)(b). Under subchapter I, a person may be designated as an SVP because of "a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. . . ." 42 Pa.C.S.A. § 9799.53. Proving that an individual is an SVP requires evidence that the individual suffers from a condition that affects the emotional or volitional capacity of the person and predisposes that person to the commission of criminal sexual acts. *See Commonwealth v. Stephens*, 74 A.3d 1034, 1038-1039 (Pa. Super. 2013) (citation omitted). Further, the defendant's conduct must also be deemed

predatory. *See Commonwealth v. Dixon*, 907 A.2d 533, 536 (Pa. Super. 2006).

Moreover, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to re-offend. *See Fuentes*, 991 A.2d at 943 (citation omitted). However, the risk of re-offending is just one factor to be considered when an expert makes an assessment; it is not an independent element. *See Morgan*, 16 A.3d at 1172 (citation omitted).

When a member of SOAB performs an SVP assessment, the following fifteen factors must be considered:

> (1) whether the instant offense involved multiple victims; (2) whether the defendant exceeded the means necessary to achieve the offense; (3) the nature of the sexual contact with the victim(s); (4) the defendant's relationship with the victim(s); (5) the victim(s)' age(s); (6) whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; (7) the victim(s)' mental capacity(ies); (8) the defendant's prior criminal record; (9) whether the defendant completed any prior sentence(s); (10) whether the defendant participated in available programs for sexual offenders; (11) the defendant's age; (12) the defendant's use of illegal drugs; (13) whether the defendant suffers from a mental illness, mental disability, or mental abnormality; (14) behavioral characteristics that contribute to the defendant's conduct; (15) and any other factor reasonably related to the defendant's risk of reoffending.

42 Pa.C.S.A. § 9799.58(b).

Here, Smalls was convicted of indecent assault, which is a sexually violent offense. At the SVP hearing, Dr. Hahn, a member of SOAB, testified

that Smalls exhibited sexual impulses and urges towards a prepubescent child for more than a six-month period. **See** N.T., SVP Hearing, 12/04/15, at 20-21. Specifically, Dr. Hahn testified that Smalls immediately resumed his abuse of E.M. once a PFA expired, demonstrating an inability to control his sexually deviant interests. **See id**., at 23. She also testified that Smalls promoted and maintained his relationship with E.M. by providing her with generous gifts and candy. **See id**., at 25. Lastly, Dr. Hahn believed that Smalls's threats of vaginal penetration to coerce E.M.'s submission to his demands was predatory behavior. **See id**., at 24-25.

As such, and contrary to his claim on appeal, Dr. Hahn's conclusion that Smalls suffered from a mental abnormality, making it likely that he will re-offend, was fully supported by the record. **See id**., at 22-24. Therefore, we agree with the trial court's determination that the Commonwealth proved by clear and convincing evidence that Smalls is an SVP.

In his next issue, Smalls contends his SVP classification was against the weight of the evidence. His weight claim rests largely upon the same facts and assertions offered in support of his sufficiency challenge. Therefore, Smalls argues his SVP classification should be reversed. We disagree.

We do not review challenges to the weight of the evidence *de novo* on appeal. **See Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. **See id**.

- 11 -

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v. Davidson**, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

Based on our review of the record, we discern no abuse of discretion. In fact, we find the record supports the trial court's conclusion that the SVP finding was not shocking to the conscience. Therefore, we are without grounds to disturb the court's SVP determination. Accordingly, Smalls is not entitled relief on his weight claim.

In Smalls's final issue, he alleges two instances in which SVP counsel rendered ineffective assistance.[4] First, Smalls argues his counsel failed to

---

[4] This Court remanded Small's appeal to allow for the trial court to address to Smalls's ineffective assistance of counsel claims, as Smalls cannot raise this issue in Post Conviction Relief Act petition. **See Commonwealth v. Masker**, 34 A.3d 841 (Pa. Super. 2011) (*en banc*). We note that **Muniz**'s determination that SORNA's non-SVP provisions are punitive provides a wrinkle that may call for re-evaluation of **Masker**. However, as discussed above, **Butler II**'s holding that SVP provisions of original SORNA and SORNA II are non-punitive leaves **Masker** as controlling law with regarding to claims of ineffectiveness leading to a determination that the appellant is a SVP.

cross-examine Dr. Hahn concerning the erroneous factual basis that supported her conclusion that Smalls is an SVP. Second, Smalls asserts that counsel failed to warn defense expert, Frank Dattilio, Ph.D., that he mischaracterized Smalls's conduct as ephebophilic rather than pedophilic.[5] Correcting this error, as Smalls maintains, would have provided Dr. Dattilio with greater credibility in arguing that the criteria for pedophilia had not been met. As such, Smalls concludes his SVP determination should be set aside, and this Court should order a new hearing due to counsel's ineffectiveness. We disagree.

We presume counsel's effectiveness; Smalls bears the burden of proving otherwise. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa. Super. 2017). "In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

To establish ineffectiveness of counsel, Smalls must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced him. *See Commonwealth*

---

[5] "Pedophilia is assigned to individuals who have a sexual arousal pattern to individuals below the age of 13. Once [an individual] reach[es] the age of 13 and beyond, that falls more within the adolescent range. And that is considered ephebophilia." N.T., Hearing, 07/28/17, at 8-9.

*v. Spotz*, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. *See Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa. Super. 2004). "Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). Appellant must also establish that he suffered prejudice, "that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014) (citation and quotation marks omitted).

In the instant case, Smalls failed to prove that his first ineffectiveness claim has arguable merit. Smalls contends that trial counsel was ineffective for failing to cross-examine Dr. Hahn on the factual basis for her opinion that Smalls suffered from pedophilic disorder. Smalls notes that the victim testified that the abuse was confined to six weeks in the early Summer of 2009. He asserts that this testimony cannot support Dr. Hahn's conclusion that Smalls exhibited sexual urges or fantasies towards prepubescent children for six months or longer.

However, Smalls concedes that the Commonwealth also presented "evidence of [an] isolated instance in February of 2009 during which [Smalls] provided [the victim] with a mirror so as to pull down her pants and examine

- 14 -

her external genitalia." Appellant's Brief, at 42. This concession vitiates Smalls's contention that the evidence only supported a six-week period of sexual urges regarding prepubescent children.

Smalls also argues that counsel was ineffective for not challenging Dr. Hahn's testimony that Smalls's abusive behavior only stopped when he separated from the victim's mother. He contends the testimony was clear that the PFA order preventing Smalls from having contact with the victim expired in "March of 2008, and that [Small's and the victim's mother] did not separate until November of 2009." *Id*. He therefore argues the testimony established he had access to the victim "for substantial periods of time both before and after the abuse for which he was convicted, during which no pedophilic behavior or tendencies were reported." *Id*., at 43.

However, our review of the record reveals that the PFA order expired in March of 2009. *See* N.T., 2/4/15, at 308. Even if we credit Smalls's use of 2008 as a mere typographical error, and instead assume he intended to argue that the period of March 2009 to June 2009 was a substantial period before the abuse for which no evidence of pedophilic behavior was presented, we cannot agree. Dr. Hahn's description of this two to three-month lull as "pretty much as soon as he had access to her" is not an error of fact. Smalls presents no evidence, nor even any real argument, that Dr. Hahn's description is contrary to a scientific consensus regarding the attributes of pedophilia.

- 15 -

Based on our review, the record does not support Smalls's claim that Dr. Hahn relied on erroneous facts to support her professional opinion. ***See Barnett***, 121 A.3d at 540. He cannot establish that trial counsel was ineffective for failing to pursue these meritless avenues of cross-examination. Therefore, the court did not err in concluding that his claims fail for lack of arguable merit.

Smalls's second ineffectiveness claim also merits no relief. Smalls argues that counsel was ineffective for failing to correct, before the SVP hearing, Dr. Dattilio's misunderstanding about the victim's age. Smalls contends this failure undercut any credibility Dr. Dattilio had with the court.

Although counsel conceded he was aware of the error in Dr. Dattilio's report prior to the SVP hearing, the record does not support a finding that counsel's actions prejudiced Smalls. ***See*** N.T., Hearing, 07/28/17, at 13 (Dr. Dattilio testifying that his report would not have changed if his misunderstanding had been corrected prior to the hearing), 15 (Dr. Dattilio agreeing that his disagreement with Dr. Hahn "was never really about the age so much as it was about that six-month period"). As such, even if we assume that Smalls has established the other two ***Strickland*** prongs, we conclude Smalls cannot establish actual prejudice. The court did not err in dismissing his claim for ineffective assistance of counsel.

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 5/20/2020*